UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
PASCUAL MENDOZA,

                              Plaintiff,

                 -against-

FORT TRYON PARKING CORP. and DANNY POWER,

                            Defendants.

ECF Case
Docket Number 07 CV 2344 (LAK)

**AMENDED COMPLAINT**

**<u>JURY TRIAL DEMANDED</u>**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

       Plaintiff Pascual Mendoza ("Plaintiff" or "Mendoza"), by his attorneys MFY Legal Services, Inc., alleges as follows:

### NATURE OF THE ACTION

    1.    Plaintiff Mendoza was employed by Danny Power ("Power") and Fort Tryon Parking Corp. ("Fort Tryon Parking" or "the Garage") (collectively, "Defendants"), where he managed the Garage working twelve-hour shifts, five days a week. Mendoza also performed skilled bookkeeping for the Garage which required that he work twelve to fifteen hours a month in additional to his normal working hours. He was never paid for these additional hours. Mr. Mendoza also was never paid for his last week of work, nor was he paid for accrued vacation.

    2.    Mendoza seeks his unpaid wages, liquidated damages, interest, and attorneys' fees pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and New York Labor Law, Article 6, § 190 et seq., and Article 19, § 650 et seq.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over Plaintiff's claims under FLSA pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is appropriate in the Southern District of New York pursuant to 28 U.S.C. § 1391 as a substantial part of the events giving rise to these claims occurred in this district and the parties to the action reside in this district.

## PARTIES

5. Plaintiff Mendoza is an adult individual currently residing in New York City, in the county of New York. He consents in writing to be a party to this action pursuant to 29 U.S.C. § 216(b). His written consent is attached hereto and incorporated by reference.

6. Upon information and belief, Defendant Fort Tryon Parking is a domestic business corporation, organized under the laws of New York, with its principal place of business located at 900 West 190th Street, New York, New York, 10040.

7. Upon information and belief, Defendant Danny Power is an adult individual currently residing in New York City, in the County of Bronx.

## STATEMENT OF FACTS

I. <u>Mendoza's Work for Defendants</u>

8. Plaintiff Mendoza first began working at the garage located at 900 West 190th Street, New York in or about 1986.

9. Upon information and belief, Defendants Power and Fort Tryon Parking assumed control of the garage in or about March 1999.

10. Defendants and Plaintiff agreed to the amount, form and timing of payments for Plaintiff's work.

11. When Defendants began running the garage, they unilaterally cut Mendoza's pay and benefits.

12. Defendants required that Mendoza begin working twelve-hour shifts, five days a week.

13. Defendant Power also required Mendoza to assume new duties, including designing and implementing a billing system, preparing monthly invoices and bills for clients, and preparing financial reports.

14. Mendoza, who has a degree in accounting, used his skills as an experienced accountant to perform this work.

15. Plaintiff was forced to spend between twelve to fifteen hours a month beyond his normal working hours to complete these additional duties.

16. Upon information and belief, Defendant Power knew, or should have known, that Mendoza had to spend time outside his regular shifts to complete these additional duties.

17. Defendants never paid Mendoza for this additional work.

18. Additionally, Defendants never paid Mendoza an extra hour of pay at the minimum wage rate ("spread of hours pay"), despite the fact that he worked more than ten hours a day five days each week.

19. Upon information and belief, Defendant Power made the decision to begin paying Mendoza in cash rather than by check in or about September 2006.

20. When Mendoza complained, upon information and belief, Defendant Power made the decision to terminate Mendoza.

21.     Upon information and belief, Defendants never paid Mendoza for his final six days of work.

22.     Additionally, upon information and belief, Defendants never paid Mendoza for accrued vacation, to which he was entitled under an agreement with Defendants.

II.     The Enterprise

23.     Upon information and belief, Defendant Fort Tryon Parking is a parking garage located at 900 West 190th Street in Manhattan.

24.     Upon information and belief, Defendant Danny Power was the owner and/or principal of Defendant Fort Tryon Parking at all times relevant herein.

25.     Upon information and belief, Fort Tryon Parking was part of a larger enterprise of interrelated garage and/or car-related businesses ("the Enterprise") at all times relevant herein.

26.     Upon information and belief, the Enterprise included, at all times relevant herein, Fort Tryon Parking, Haven Parking Corp., National Parking Systems, Inc., and Executive Parking Corp., all commercial parking garages located in or about New York City.

27.     Upon information and belief, the Enterprise also included, at all times relevant herein, Autorama Enterprises of Bronx, Inc. ("Autorama"), a tow-truck company located in the Bronx.

28.     Upon information and belief, the other members of the Enterprise used towing services provided by Autorama.

29.     Upon information and belief, Defendant Power was the owner and/or principal of Executive Parking Corp., Haven Parking Corp., Fort Tryon, National Parking Systems, Inc., and Autorama at all times relevant herein.

4

30. Upon information and belief, Power used the office at Autorama Enterprises of Bronx, Inc. to conduct business for Fort Tryon Parking and for the other entities of the Enterprise.

31. Upon information and belief, Power used the office at Executive Parking Corp. to conduct business for Fort Tryon Parking and for the other entities of the Enterprise.

32. Plaintiff Mendoza submitted financial reports for Fort Tryon Parking to Defendant Power at the offices of Autorama Enterprize of Bronx, Inc. and/or Executive Parking Corp.

33. Upon information and belief, Power employed one or more persons to perform duties at all of the companies that were part of the Enterprise.

34. Upon information and belief, Fort Tryon Parking, Autorama Enterprises of Bronx, Inc., Haven Parking Corp., National Parking Systems, Inc., and Executive Parking Corp. engaged in related activities through unified operations and/or common control by Power and shared a common business purposes at all times relevant herein.

35. Upon information and belief, the Enterprise engaged in commerce that generated more than $500,000 in gross revenues at all times relevant herein.

### FIRST CAUSE OF ACTION
### (Federal Minimum Wage Violations)

36. Plaintiff realleges and incorporates by reference paragraphs 1 through 35 above.

37. At all times relevant herein, Defendants were Plaintiff's employer within the meaning of 29 U.S.C. § 203.

38. At all times relevant herein, Plaintiff was Defendants' employee within the meaning of 29 U.S.C. § 203.

39. At all times relevant herein, Plaintiff and Defendants were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. § 206.

5

40. Defendants willfully failed to pay Plaintiff federal minimum wage for his last days of work.

41. As a result of the foregoing, Plaintiff is entitled to recover from Defendants amounts to be proven at trial for his unpaid minimum wages, an additional amount as liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216.

## SECOND CAUSE OF ACTION
### (Federal Overtime Wage Violations)

42. Plaintiff realleges and incorporates by reference paragraphs 1 through 41 above.

43. At all times relevant herein, Defendant required, suffered, or permitted Plaintiff to perform bookkeeping work for the Garage.

44. Defendant willfully failed to pay Plaintiff overtime compensation at a rate of not less than one-and-one-half times his regular rate of pay for the hours he spent performing bookkeeping work, in violation the Fair Labor Standards Act, 29 U.S.C. § 207.

45. Defendants willfully failed to pay Plaintiff overtime compensation for the overtime hours he worked during his last days of work.

46. As a result of the foregoing, Plaintiff is entitled to recover from Defendants amounts to be proven at trial for his unpaid overtime wages, an additional amount as liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216.

## THIRD CAUSE OF ACTION
### (New York State Agreed-Upon Wage Violations)

47. Plaintiff realleges and incorporates by reference paragraphs 1 through 46 above.

48. At all times relevant herein, Defendants were Plaintiff's employer within the meaning of New York Labor Law §§ 2 and 190(3).

49. At all times relevant herein, Defendants employed Plaintiff as a "Clerical and other worker" within the meaning of New York Labor Law § 190(7).

50. Defendants willfully failed to pay Plaintiff his agreed-upon wages for his last days of work, in violation of New York Labor Law § 191.

51. As a result of the foregoing, Plaintiff is entitled to recover from Defendants amounts to be proven at trial for his unpaid agreed-upon wages, an additional amount as liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to New York Labor Law § 198.

### FOURTH CAUSE OF ACTION
### (New York State Overtime Wage Violations)

52. Plaintiff realleges and incorporates by reference paragraphs 1 through 51 above.

53. At all times relevant herein, Defendants were Plaintiff's employer within the meaning of New York Labor Law §§ 2 and 651.

54. At all times relevant herein, Plaintiff was Defendants' employee within the meaning of New York Labor Law §§ 2 and 651.

55. At all times relevant herein, Defendants required, suffered, or permitted Plaintiff to perform bookkeeping work for the Garage.

56. Defendants willfully failed to pay Plaintiff at a rate of not less than one-and-one-half times his regular rate of pay for the hours he spent performing bookkeeping work, in violation of New York Labor Law § 650 et seq; 12 N.Y.C.R.R. § 142-2.2.

57. As a result of the foregoing, Plaintiff is entitled to recover from Defendants amounts to be proven at trial for unpaid overtime wages, an additional amount as liquidated damages, reasonable attorneys' fees, and costs, pursuant to New York Labor Law § 663.

## FIFTH CAUSE OF ACTION
### (New York State Unpaid Vacation Benefits Violations)

58.  Plaintiff realleges and incorporates by reference paragraphs 1 through 57.

59.  Defendants willfully failed to pay Plaintiff his accrued vacation benefits.

60.  As a result of the foregoing, Plaintiff is entitled to recover from Defendants amounts to be proven at trial for unpaid vacation benefits pay, an additional amount as liquidated damages, reasonable attorneys' fees, and costs, pursuant to New York Labor Law § 198.

## SIXTH CAUSE OF ACTION
### (New York State Spread of Hours Pay)

61.  Plaintiff realleges and incorporates by reference paragraphs 1 through 60 above.

62.  Throughout his employment with Defendants, the interval between the beginning and end of Plaintiff's workday (the "spread-of-hours") exceeded ten hours, as defined by New York Labor Law § 650 et seq. and 12 N.Y.C.R.R. § 142-2.18.

63.  Defendants willfully failed to pay Plaintiff an extra hour of pay at the basic minimum rate for each day his spread-of-hours exceeded ten hours, in violation of New York Labor Law § 650 et seq.; 12 N.Y.C.R.R. § 142-2.4.

64.  As a result of the foregoing, Plaintiff is entitled to recover from Defendants amounts to be proven at trial for his unpaid spread-of-hours pay, an additional amount as liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to New York Labor Law § 663.

## SEVENTH CAUSE OF ACTION
### (Breach of Contract)

65.  Plaintiff realleges and incorporates by reference paragraphs 1 through 64 above.

66. Defendants entered into an oral employment contract with Plaintiff that specified the amount, form, and timing of payment for his work. Plaintiff agreed to Defendants' terms, was hired as an at-will employee, and worked for Defendants under the terms of the contract.

67. Defendants willfully failed to pay Plaintiff for his last days of work at the agreed-upon rates of pay.

68. Defendants' knowing and intentional acts constitute a breach of their contract with Plaintiff.

69. As a result of the foregoing, Plaintiff is entitled to recover from Defendants amounts to be proven at trial for breach of contract.

## EIGHTH CAUSE OF ACTION
### (Quantum Meruit)

70. Plaintiff realleges and incorporates by reference paragraphs 1 through 69 above.

71. Plaintiff conferred the benefit of his labor on Defendants in good faith and with the expectation of payment for each hour worked.

72. Defendants accepted the benefit of that work, but deliberately failed to compensate Plaintiff for each hour worked.

73. Defendants were unjustly enriched by their deliberate and intentional exploitation of Plaintiff's labor.

74. As a result of the foregoing, Plaintiff has been injured, and Defendants have profited thereby, in an amount to be proven at trial.

## PRAYER FOR RELIEF:

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

1. Award Plaintiff the amounts due under federal and state law, including unpaid wages, unpaid overtime wages, unpaid vacation benefits, liquidated damages, attorneys' fees, prejudgment interest, costs, and such other and further relief this court deems necessary and proper;

2. Award Plaintiff compensation for Defendants' unjust enrichment due to Plaintiff's unpaid work for Defendants; and

3. Award Plaintiff all actual, incidental, consequential, and punitive damages arising from Defendants' conduct as alleged above.

Dated: New York, NY
May 17, 2007

Respectfully submitted,

By: _____
Carolyn E. Coffey, Esq. (CC6741)
Of Counsel to
Lynn M. Kelly, Esq.
Attorneys for Plaintiffs
MFY Legal Services, Inc.
299 Broadway, 4th Floor
New York, New York 10007
(212) 417-3701

## AUTHORIZATION PURSUANT TO § 216(b) FAIR LABOR STANDARDS ACT.

I, PASQUAL MENDOZA, hereby consent to be a plaintiff in this lawsuit pursuant to §216(b) of the Fair Labor Standards Act.

Date: December 12, 2006

_____
PASQUAL MENDOZA

Sworn to and subscribed before me this
12 day of December 2006

_____
Notary Public

AMY CARROLL
NOTARY PUBLIC - STATE OF NEW YORK
NO. 02CA6130989
QUALIFIED IN KINGS COUNTY
COMMISSION EXPIRES JULY 25, 2009

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------x
PASCUAL MENDOZA,

       Plaintiff,

    -against-

FORT TRYON PARKING CORP. and DANNY POWER,

       Defendants.
------------------------------------------------x

ECF Case
Docket Number 07 CV 2344 (LAK)

**AFFIRMATION OF SERVICE**

  I. AMY CARROLL, an attorney duly admitted to practice law in the State of New York, hereby affirms under penalty of perjury, the following:

  That on May 18, 2007, I served Defendants by mailing a copy of the enclosed Amended Complaint to counsel for Defendants, Paul Siegel, Jackson Lewis, 58 South Service Road, Suite 410, Melville, NY 11747 in pre-paid envelope deposited in a U.S.P.S. drop box.

Dated: New York, New York
   May 18, 2007

            _____
            Amy E. Carroll, Esq.